IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RAMONE RAFAEL FOY,

    Plaintiff,

vs.                            No. 07-2198-B/V

MEMPHIS POLICE DEPARTMENT,
et al.,

    Defendants.

_____

ORDER ASSESSING $350 CIVIL FILING FEE
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

_____

On March 12, 2007, Plaintiff Ramone Rafael Foy, R&I number 348029, an inmate at the Shelby County Correctional Center ("SCCC")[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court issued an order on March 22, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or pay the civil filing fee. Plaintiff filed the required documents on March 28, 2007 and April 9, 2007.[2] The Clerk shall

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] On April 3, 2007, the Clerk docketed a letter from Plaintiff expressing concern that the complaint in this case may be docketed under two case numbers. This is the only action filed by Plaintiff in this district.

record the defendants as the City of Memphis[3] and Memphis Police Officers Bradley Baker (# 10794) and M. Scarborough (# 10464).

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing civil actions must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On

---

[3]   The Court construes the allegations against the Memphis Police Department as an attempt to assert a claim against the City of Memphis.

2

each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
      Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCCC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

## II. Appointment of Counsel

It appears that Plaintiff is seeking appointment of counsel. (See Docket Entry ("D.E.") 1 at 7-8.) Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the

4

pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[4] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that he has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Thus, the motion for appointment of counsel is DENIED.

III. Issuance of Process

It is ORDERED that the Clerk shall issue process for Defendants and deliver that process to the marshal for service. Service shall be made on the individual defendants pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service shall be made on the City of Memphis pursuant to Fed. R. Civ. P. 4(j)(2) and

---

[4] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

5

Tenn. R. Civ. P. 4.04(8) & (10). All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants or on any Defendant that has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 2nd day of October, 2007.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE