IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION

---

RAMONE RAFAEL FOY,

    Plaintiff,

vs.                                      No. 07-2198-An/V

MEMPHIS POLICE DEPARTMENT,
et al.,

    Defendants.

---

     ORDER GRANTING THE MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
                    FILED BY THE CITY OF MEMPHIS
                                AND
            ORDER DENYING MOTION TO COMPEL JOINDER OF PARTIES

---

On March 12, 2007, Plaintiff Ramone Rafael Foy, R&I number 348029, an inmate at the Shelby County Correctional Center in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the City of Memphis and Memphis Police Officers Bradley Baker (# 10794) and M. Scarborough (# 10464). (Docket Entry ("D.E.") 1.)[1] United States District Judge J. Daniel Breen issued an order on October 2, 2007 that, inter alia, directed the Clerk to issue process for, and the marshal to effect service on, the City of Memphis and Memphis Police Officers Bradley Baker

---

[1] The Court has construed the allegations against the Memphis Police Department as an attempt to assert a claim against the City of Memphis. The suggestion by the City of Memphis that Plaintiff intended to sue only the individual police officers (D.E. 13 at 1 n.1) is not persuasive, as the case caption of the complaint (D.E. 1 at 1) lists the Memphis Police Department as the sole defendant.

(# 10794) and M. Scarborough (# 10464). (D.E. 6.) The City of Memphis filed an answer to the complaint on January 11, 2008. (D.E. 11.) On February 1, 2008, the City of Memphis filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 13.) The case was transferred to this judge on May 21, 2008. (D.E. 20.) Because Plaintiff had not responded to the motion to dismiss, the Court issued an order on July 11, 2008 directing Plaintiff to show cause, within thirty (30) days, why the motion should not be granted. (D.E. 21.) Plaintiff filed his response to the motion to dismiss and show cause order on July 31, 2008. (D.E. 25.)

The City argues that the complaint does not state a viable claim against it because it cannot be held vicariously liable for the allegedly wrongful actions of its employees. (D.E. 13 at 4-6.) A local governmental entity "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer." Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992); see also Jett v. Dallas Indep. School Dist., 491 U.S. 701, 726-29 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton v. Harris, 489 U.S. 378, 388 (1989) (rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988) (interpreting rejection of respondeat superior liability by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), as a command

2

that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986) (same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality"). To establish municipal liability, a plaintiff must demonstrate

> (1) that the City pursued an official custom or policy of failing to adequately train, supervise, or discipline its officers in a particular matter, and (2) that such official policy or custom was adopted by the official makers of policy with "deliberate indifference" towards the constitutional rights of persons affected by the policy or custom.

Haverstick v. Financial Fed. Credit, Inc., 32 F.3d 989, 996 n.8 (6th Cir. 1994) (citing City of Canton, 489 U.S. at 387-88). Thus, "'a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."'" Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994) (citations omitted).

Although the above standards set forth the standard of proof on a motion for summary judgment or at trial, the standards for evaluating a motion to dismiss are less stringent. In Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), the Sixth Circuit held that the Federal Rules of Civil Procedure do not permit the imposition of a

3

heightened pleading standard for civil rights complaints alleging municipal liability. See also Robinson v. Township of Redford, 48 F. App'x 925, 930-31 (6th Cir. 2002) (issue of municipal liability not properly resolved on motion to dismiss). In Leatherman, the Supreme Court observed that "it is impossible to square" such a heightened pleading standard "with the liberal system of 'notice pleading' set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only a short and plain statement of the claim showing that the pleader is entitled to relief.'" 507 U.S. at 168. Instead, the Supreme Court noted that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Id. at 168-69; see also Robinson, 48 F. App'x at 931 ("[T]here has not been sufficient inquiry into the events of 28 January 2000 to determine whether a direct causal link exists between a policy or custom and Robinson's death that would subject the Township of Redford to Section 1983 liability. . . . The possibility has not been precluded that some Township policy or custom adhered to by the defendant officers contributed to the intruder's acts that resulted in Robinson's death. The plaintiff needs to examine the actual events that transpired that evening as well as to investigate which Township policies or customs, if any, may have governed the actions the officers took—or did not take."). Nonetheless, although detailed factual allegations need not be provided in the complaint, the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability. See, e.g., Fowler v. Campbell,

Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Correctional Med. Servs., Inc., No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Clearly v. County of Macomb, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); Morningstar v. City of Detroit, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005).

In this case, the complaint does not allege any basis for municipal liability, and Plaintiff's response to the motion to dismiss and show cause order does not address municipal liability. Therefore, the Court GRANTS the motion to dismiss filed by the City of Memphis. The Clerk is directed to terminate the City of Memphis as a party to this action.

The City's position that the complaint should also be dismissed as to the defendant police officers (D.E. 13 at 3-4) is not well taken. Relying on Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989), the City of Memphis asserts that, because the complaint does not explicitly say otherwise, it must be presumed that Plaintiff has sued the officers in their official capacities only. (D.E. 11 at 5.) The City is mistaken. Wells v. Brown has been superseded by Moore v. City of Harriman, 272 F.3d 769, 772 (6th

5

Cir. 2001) (en banc), in which a plurality of the Sixth Circuit rejected the view that Wells establishes "a per se rule requiring § 1983 plaintiffs to affirmatively plead 'individual capacity' in the complaint." Instead, the plurality stated that, "while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity' . . . failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." Id. This portion of the plurality opinion expressed the views of seven of the thirteen judges on the en banc court. In addition, Judge Gilman concurred but expressed his view that Wells should have been explicitly overruled. Id. at 775 (Gilman, J., concurring). Thus, in Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003), the Sixth Circuit stated that "a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to the lawsuit."

The complaint in this case puts the officers on notice that they are being sued in their individual capacity for money damages. In the section entitled "Parties" on page 2 of the complaint, both officers are listed as defendants. (D.E. 1 at 2.) The City appears to concede this fact when it notes, in a footnote to the motion, that "[t]he body of the complaint lists Memphis Police Officers Bradley Baker and M. Scarborough as the only defendants." (D.E. 13 at 1 n.1.)

"Subsequent filings in a case may rectify deficiencies in the initial pleadings." Moore, 272 F.3d at 774. Thus, in Moore, the

6

Sixth Circuit relied on a plaintiff's response to a motion to dismiss as providing sufficient notice to defendants that they had been sued in their individual capacities. Id. The course of proceedings of this action also make clear that Plaintiff intends to sue the defendant officers, as Plaintiff filed a motion on April 28, 2008, entitled "Motion to Compel Joinder of Parties" (D.E. 18), that states, inter alia, that Plaintiff intended to sue the officers and the City of Memphis and argues that they are properly joined as defendants in a single action.[2] This aspect of the motion to dismiss is DENIED. The action will proceed against the individual defendants.

      IT IS SO ORDERED this 27th day of August, 2008.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] The City has not responded to this motion, which is DENIED as unnecessary, as the City and the officers were parties to this action when the motion was filed.